UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff, | HONORABLE JUAN R. SANCHEZ<br>CRIMINAL No. 17-CR-518 |
| v. | |
| BRYANT GALLOWAY<br>SEAN WILSON<br>TONIE HENDERSON<br>TYREE JOHNSON<br>SEAN GILLIAM | [J.R.S.] |

[DEFENDANT(S) MOTION THE COURT TO COMPEL GRAND JURY
TRANSCRIPTS PURSUANT TO FED.R.CRIM.P. 6(e)(3)(E)(ii),
IN THE ALTERNATIVE THE DEFENDANT(S) ASK FOR A IN CAMERA
INSPECTION BY THE COURT]

## PRELIMINARY STATEMENT

Defendant(s) Bryant Calloway, Sean Gilliam, Sean Wilson, Tonie Henderson and Tyree Johnson, by and through counsel, respectfully moves this court to compel grand jury transcripts of any and all Federal Agents, State or Local law enforcement officers or civilian witness who testified before the grand jury that returned the indictment in Criminal Action No:. 17-CR-518 on September 27, 2017.

Defendant(s) request for a in camera inspection in the alternative of the court denying the defense on the merits of the motion, and for oral arguments on the merits.

## STANDARD OF REVIEW

A motion to disclose a grand jury matter under rule 6(e)(3)(E)(ii) must be filed in the district where the grand jury convened, Fed.R.Crim.P. 6(e)(3)(F).

(1.)

In federal proceedings the right to indictment by an unbiased grand jury is guaranteed by the Fifth Amendment. [See., Costello v. United States, 350 U.S. 359, 100 L.Ed. 397, 76 S.Ct. 406 (1956)]. To support a motion for a judicially oredered disclosure of grand jury testimony, a party must show a particularized need for the information which outweighs the public interest in secrecy. [See., United States v. McDowell, 888 F.2d 285, 289 (3rd Cir. 1989) (citing Proctor & Gamble, 356 U.S. at 683)].

The Third Circuit has clarified that a particularized need for such information is shown by offering evidence of a substantial likelihood of a gross or prejudicial irregularities in the conduct of the grand jury. [See., United States v. Budzanoski, 462 F.2d 443, 454 (3rd Cir. 1972); See also Mechanik, 475 U.S. at 75].

The party moving for court ordered disclosure bears the burden of demonstrating to the Court that (1.) the material sought by the party is needed to avoid a possible injustice in another judicial proceeding, (2.) the need for disclosure is greater than the need for continued secrecy, and (3.) the party's request is structued to cover only the material so needed. [See., Douglas Oil Co. of California v. Petrol Stops Northwest, 441 U.S. 211, 222 (1979)].

The Supreme Court of the United States has also repeatedly stated that "one purpose of the requirement that an individual be indicted by a grand jury is to place between the prosecutor and the accused an independant body, which can evaluate the evidence and determine if the charge is based upon reason." [See., United States v. Gallo, 394 F.Supp. 310, 314 (D.Conn. 1975) (citing Wood v. Georgia, 370 U.S. 375, 390 (1962) and, Stirone v. United States, 361 U.S. 212 218 (1960).]

In order to perform this function properly, the grand jury needs to evaluate the credibility of witnesses and remain free from any prejudicial remarks from the prosecutor designed to sway the grand jury and deprive the defendant of this "Substantial Right". Id. The excessive use of hearsay to secure indictments "tends

to destroy the historical functions of grand juries in accessing the likelihood of prosecutorial success and tends to destroy the protection from unwarranted prosecutions that grand juries are supposed to afford the innocent." [See., United States v. Umans, 368 F.2d 725, 730 (2nd Cir. 1966)]!

## *FACTS

On September 27, 2017 in the Eastern District Pennsylvania, the grand jury unsealed the indictment for criminal case no.: 17-CR-518. Wherefor charging the defendants with violations of 21 U.S.C. Sect. 846 [conspiracy to distribute 280 grams or more of cocaine base ("crack")-1 count); 18 U.S.C. Sect. 924 (J)(1)(murder in the course of using and carrying a firearm-1 count); 18 U.S.C. Sect. 924 (c)(1) (using, carrying and discharge of a firearm during and in relation to a drug trafficking crime-2 counts); 18 U.S.C. Sect. 924 (c)(1) (possession of a firearm in furtherance of a drug trafficking crime-1 count); 18 U.S.C. Sect. 922 (g)(1) (possession of a firearm by a convicted felon-4 counts); 21 U.S.C. Sect. 841 (a)(1)(distribution of cocaine base ("crack")-7 counts); 21 U.S.C. Sect. 841 (a)(1)(possession with intent to distribute cocaine base ("crack")- 2 counts); 21 U.S.C. Sect. 856 (maintaining a drug house-2 counts) - 2 counts); 21 U.S.C. Sect. 860 (a) (drug distribution or maintaining a house for drug distribution in a protected zone-11 counts); 18 U&.S.C. Sect.2 (aiding and abetting) Notices of Forfeiture:

The Federal Prosecution has this investigation amongst these defendants weren't actually charged until 2017 in an omnibus affidavit that yielded an indictment by a Federal Grand Jury. These charges develop as a result of a confidential informant Rymond Thompson and Detective Ronald Dove of P.P.D., Philadelphia Police Department. Precisely on August 7, 2013 confidential source Raymond Thompson was interogated by Ronald Dove who was a Philadelphia Police Detective at the time.

(3.)

Confidential Source Raymond Thompson was interrogated by
Det. Ronald Dove who was investigating a shooting that took
place at 500 Creighton Street on Aug, 5, 2014, leaving one man
by the name of Brian Littles critically wounded in Philadelphia
PA. This interrogation took place at 8:40 a.m., at 4:40 p.m. Det.
Dove had secured a search and seizure warrant for a known residence
at 5111 Funston St. Philadelphia PA, that (CS) Raymond Thompson
had stated he was present at plenty of times and said that the guns
were in the second floor middle bedroom. [See., Exhibit (A)
Detective Ronald Dove Affidavit/Warrant for 5111 Funston St. August
7, 2013, as annexed herewith and incorporated by this reference].

The search and seizure warrant according to criminal convicted
Detective Ronald Dove, yielded a Taurus Pr 99 9mm semi-auto handgun
SER/129609 loaded with 1-magazine containing 15 live 9mm rounds and
1 live 9mm round in the chamber; 1 FAA Colt 45 Bounty Hunter revolver
SER/T0788 loaded with 6- .45 long Colt live; 1 FE6 P9R Semi automatic
SER/R67501 loaded with 1 magazine containg 9 live 9mm rounds and 1
live 9mm round in the chamber; 1 cardboard box marked remington 9mm
containing foam tray with 21 live 9mm round. [See., Exhibit (B)
property receipt, as annexed herewith and incorporated by this
reference].

Confidential source Raymond Thompson implemented a Brian
Calloway in the shooting that left Brian Littles deceased. The
Confidential Source also stated he believed the weapons used to commit
the murder were being stored by Calloway in the 2nd Floor middle
room as referenced to,super. Although this statement was never
corroborated prior to a warrant being issued, convicted Detective
Ronald Dove still was able to secure the warrant based on the heresay
of this convicted criminal Raymond Thompson as the substantial basis
for probable cause.

After the excution of the warrant at 5111 Funston St. in
Philadelphia PA, and the acquisition of the evidence stated above;
neither was Brian Calloway nor any of the defendants charged with
the weapons that (supposedly) ex. Det. Ronald Dove recovered from
the specific location; also Brian Calloway was never charged in

(4.)

connection with this homicide in the State of Pennsylvania in 2013 by Det. Ronald Dove.

According to discovery documents, on February 6, 2014 Federal ATF Agents debriefed confidential informant Raymond Thompson. This debriefing comes at a time when Detective Dove was being investigated for crimes in conjuction to homicides. In fact in November of 2013, Ronald Dove was Fired from Philadelphia Police Department. This is approximately less than 90 days from the time that Ronald Dove had secured the warrant for 5111 Funston St. That is to say this, at the time of th ATF defriefing of Raymond Thompson, the Federal Government knew that Ronald Dove was in fact a criminal himself and what Raymond Thompson said or the evidence that Ronald Dove supposedly secured was flowing from a poisonous and perverted source of invidious conduct.

Now the debriefing of Raymond Thompson on February 6, 2014 by ATF Federal Agents comes as a result of what investigation... This question is rhetorical, due to the fact that the indictment has these defendants being investigated from 2009 until 2015. If Raymond Thompson is being debriefed in February of 2014, then the Federal Agents had to have some constructive knowledge as to the events that transpired between Ronald Dove and Raymond Thompson in securing that warrant in 2013, as well as the investigation of Ronald Dove. It must be noted that if the ATF is debriefing Raymond Thompson in February of 2014, then this debriefing comes as a direct result of being sent to perform a said duty.

In January of 2015 Detective Ronald Dove was officially charged with (1) Flight to avoid apprehension/trial punishment, (2) Conspiracy -hinder apprehension of prosecution-harbor or conceal, (3) Hinder app-prosec. Harbor or conceal, (4)obstruct Admin law other Gov't function, (5) Unsworn Falsification to authorities, (6)Tamper with fabricated physical evidence, and conspiracy.

(5.)

April 26, 2017 Detective Ronald Dove pled guilty to all charges. [See., Exhibit (C), Ronald Dove Charges/Plea, annexed herewith and incorporated by this reference]. On June 21, 2017 Raymond Thompson is charged with Title 18 U.S.C. Sect. 1001 (a)(2). [See., Exhibit (D), Raymond Thompson Docket/Charges, annexed herewith and incorporated by this reference].

Both of these crucial events, i.e., Detective Ronald Dove being found guilty for criminal charges in connection to a homicide and Raymond Thompson being charged and indicted by a grand jury in Philadelphia PA, for staging a false buy and then lying to authorities in conjuction thereof, took place prior to the Federal Government using Raymond Thompson to testify at grand Jury in Philadelphia PA, and introducing evidence that was secured by Detective turned criminal Ronald Dove, before a grand jury in September of 2017 that would yield an indictment.

It is safe to say that this grand jury that secured this indictment on the defendants were not informed as to Detective Donald Dove Criminal record and history, with the same particulars they were indicting the defendants for. Also the history of Raymond Thompson propensity to lie to law enforcement and to stage buys. However it should have been imperative that this grand jury was informed of these particular facts as to be able to make and informed choice as to indict or not to indict. The absence of these critical facts surely prejudiced these defendants, and any grand jury would have desired to know about the circumstances surrounding Ronald Dove and Raymond Thompson, when their testimony and evidence was the linchin to this indictment.

## Memorandum of Law

In Federal proceedings, the right to indictment by an unbiased grand jury is guaranteed by the Fifth Amendment. [Costello v. United States, 350 U.S. 359, 100 L.Ed. 397, 76 S.Ct. 406 (1956)].

(6.)

In general, a district court may dismiss an indictment on the basis of prosecutorial misconduct only where the defendant was prejudiced by this misconduct. [See., Bank of Nova Scotia v. United States, 487 U.S. 250, 263, 64, 108 S.Ct. 2369, 101 L.Ed. 2d 228 (1988). The prejudicial inquiry must focus on whether any violations had an effect on the grand jury's decision to indict. If violations did substantially influence this decision, or if there is grave doubt that the decision to indict waS FREE FROM SUCH SUBSTANTIAL INFLUENCE, the violations cannot be deemed harmless."Id." In other words, [a]n indictment will be dismissed on the basis of prosecutorial misconduct in front of a grand jury if the defendant suffers actual prejudice. [See., United States v. Polin, 824 F.Supp. 542, 548 (E.D. Pa. 199)].

To support a motion for a judicially ordered disclosure of a grand jury testimony, a party must show a particularized need for that information which outweighs the public interest in secrecy. [See., United States v. McDowell, 888 F.2d 285, 289 (3rd Cir. 1989) (citing Proctor and Gamble, 356 U.S. at 683) (emphasis added)].

The material sought with respect to the grand jury having been informed about the arrest and guilty plea of Detective Ronald Dove who was the P.P.D. Officer who secured this (so-called) evidence from the residence of 5111 Funston Street, and Confidential Source Raymond Thompson who was charged and indicted for staging buys and lying to authorities. This information being presented to a grand jury was important in order to avoid a possible injustice.

These defendant(s) were charged and indicted under evidence that was brought forth as such, by an officer who broke his oath to protect and serve. Our grand jury are citizens of the sovereign and would have definitively desired to know that the evidence they were indicting these defendants on had been secured at the hands of a criminal detective who's evidence has no place in no judiciary process.

(7.)

The prosecution knew of Ronald Dove conviction prior to grand jury and still presented evidence tainted by the unclean hands of ex. Det. Dove. The fact that the grand jury proceedings are secret, ex parte and largely under the control of the federal prosecutor, magnifies the concern of whether this grand jury was informed to make a objective decision whether to indict. An unbiased grand jury is guaranteed by the Fifth Amendment, Costello v. United States, 350 U.S. 100 L.Ed. 397, 76 S.Ct. 406 (1956).

When the framers of the Bill of Rights placed that requirement in the Fifth Amendment, "They were not engaging in mere verbal exercise."[Serubo, 604 F.2d 807, quoting United States v. Estepa, 471 F. 2d 1132, 1136 2nd Cir (1972).

Rule 6(e)(3)(E)(ii), which the defendant(s) rely upon, gives courts the power to authorize disclosure of a grand jury matter at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before grand jury.

In Mesarosh v. United States, 352 U.S. 1, 1 L.Ed. 2d 1, 77 S.Ct. 1 (1956), the United States Supreme Court Found that "the dignity of the United States Government will not permit the conviction on tinted testimony. In this particular prosecution allowing the grand jury to draw inference that this evidence was secured by law abiding officers who swore to protect and serve clearly would prejudice the defendants. Affidavits, Warrants, Testimony, Evidence or Indictments deriving from anything having to do with Convicted Felon Ronald Dove surely pollutes the waters of the American Justice System. This is fundamental to what seperates the United States from Rogue Nations.

United States v. Dibernardo, 552 F.Supp.1324, the untainted administration of justice is certainly one of the most cherished aspects of our institutions. Its observation is one of our proudest boasts. The Third Circuit Court Of Appeals is Charged with the Supervisory functions in relation to proceedings in the federal courts.

[See., McNabb v. United States, 318 U.S. 332, 87 L.Ed. 819, 63 S .CT 608.] Therefore, fastidious regard for the honor of the administration of justice requires the court to make certain that doing of justice be made so manifest that only irrational or perverse claims of its disregard can be asserted. [Communist Party v. Subversive Activities Control Board, 351 U.S. 115, 124, 100 L.Ed. 1003, 76 S.Ct. 663 (emphasis supplied. Id.at 14.].

The Federal Prosecution allowed Confidential Source Raymond Thompson to testify before a grand jury after this same prosecution team charged Mr. Thompson with 18 U.S.C. Sect. 1001 (a)(2),[makes any materially false, fictious, or fraudalent statement or representation ;or]. Clearly any testimony by Raymond Thompson is tainted. Especially when it is in relation to control buys, as Raymond Thompson indictment for lying to authorities stem from a fake orchestrated control buy that he led authorities to believe was true and actual. Yet Mr. Ortiz presented his testimony before a grand jury to indict the defendants in this case. In the 3rd Cir. Court opinion, Mesarosh, 352 US 1, 77S.Ct. 1 (1956), reasoning is just as compelling with regard to testimony before a grand jury as it is before a petit jury. See. Dibernardo, 552 F.Supp. 1315.

## CONCLUSION

Wherefor, the defendants ask for the court to compel all grand jury testimony for inspection by the defendant(s) in this case. In the alternative the defendant(s) ask for an in camera inspection, and that the court makes its ruling accordingly.

Respectfully Submitted

Date: _____    _____



# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 17cr325 **Filed Under Seal** |
| v. | : | DATE FILED: 6/21/17 |
| RAYMOND THOMPSON | : | VIOLATIONS: |
| | : | 18 U.S.C. § 1001(a)(2) (false statements to law enforcement – 1 count) |

**FILED**
**JUN 2 1 2017**
**KATE BARKMAN, Clerk**
By _____ Dep. Clerk

### INDICTMENT

### COUNT ONE

**THE GRAND JURY CHARGES THAT:**

1. On or about August 12, 2016, defendant RAYMOND THOMPSON reviewed surveillance recordings of an August 6, 2016 armed robbery of the T-Mobile store located at 1575 N 52nd Street in Philadelphia, Pennsylvania in the presence of Special Agents of the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF). RAYMOND THOMPSON identified one of the robbery suspects depicted in the surveillance footage as Person #1 (known to the Grand Jury).

2. On or about August 16, 2016, defendant RAYMOND THOMPSON told Special Agents of the ATF that he had obtained the cellular telephone number for Person #1 and could place consensual calls to Person #1 to further the ATF's criminal investigation into the August 6, 2016 armed robbery.

3. On or about August 22, 2016, defendant RAYMOND THOMPSON falsified two telephone calls to the number he provided to ATF as belonging to Person #1 when,


726
2063                                                                                   228660

# Commonwealth of Pennsylvania ss:   SEARCH WARRANT
CITY AND COUNTY OF PHILADELPHIA          AND AFFIDAVIT

| Det. Dove | #8003 | Homicide | WARRANT CONTROL NO |
|---|---|---|---|
| (Name and Affiant) | (Badge No) | (District/Unit) | **176006** |

being duly sworn (or affirmed) before me according to law, deposes and says that there is probable cause to believe that certain property is evidence of or the fruit of a crime or is contraband or is unlawfully possessed or is otherwise subject to seizure, and is located at particular premises or in the possession of particular person as described below

ISSUED TO DIST /UNIT: 6003
DATE OF APPLICATION: 8-7-13

**IDENTIFY ITEMS TO BE SEARCHED FOR AND SEIZED** (Be-es specific as possible)
(2) .45 caliber Colt handguns, (1) 9mm Handgun, (1) Mac 11 handgun, any and all ballistic evi narcotics paraphernalia and any other item that may be deemed to have evidentiary value in th investigation.

**SPECIFIC DESCRIPTION OF PREMISES AND/OR PERSONS TO BE SEARCHED** (Street and No., Apt. No., Vehicle, Safe Deposit Box, etc.)
5111 Funston St., 2 story brick row home with an open front porch, 2ND FLOOR MIDDLE ROOM AND ALL COMMON AR

**NAME OF OWNER, OCCUPANT OR POSSESSOR OF SAID PREMISES TO BE SEARCHED** (If proper name is unknown, give alias and/or description)
Shlomie Oestreicher

**VIOLATION OF** (Describe conduct or specify statute)
MURDER

YEAR/DIST./COMPLAINT NO
13-16-30615

PROBABLE CAUSE BELIEF IS BASED ON THE FOLLOWING FACTS AND CIRCUMSTANCES (See special instructions below)

REFER TO ATTACHED

ATTACH ADDITIONAL PAPER (75-51) IF NECESSARY     [X] CHECK HERE IF ADDITIONAL PAPER IS USED

| SIGNATURE OF AFFIANT | BADGE NO | DIST /UNIT | Sworn to (or affirmed) and subscribed before me this |
|---|---|---|---|
| Det. Dove | #8003 | Homicide | day of Aug 20 13 (SEAL) |

COURT LOCATION                                          Date Commission Expires

| RESULT OF SEARCH | DATE AND TIME OF SEARCH 8-7-13 4:40 PM | ARREST ☐ Yes ☐ No | JUDGE'S DISPOSITION ☐ Disc ☐ Held for Court | Further Hearing | Fined or Committ |
|---|---|---|---|---|---|

PROPERTY SEIZED ☒ Yes ☐ No
(If "Yes" list inventory below)
(2) 9mm Handguns, (1) .45 REVOLVER, 9mm Bullets
KEYS, PAPERWORK, & (3) PHONES

ADDITIONAL SPACE REQUIRED, USE REVERSE SIDE - INVENTORY MUST APPEAR ON ALL COPIES OF THE WARRANT

I certify subject to the penalties and provisions of 18 Pa C S §4904(b) that this is a true and correct listing of all items seized
Det ___ #8003
Signature of Person Seizing Property   Badge No

OTHER OFFICERS PARTICIPATING IN SEARCH
DET. KELLY   SWAT.
DET PITTS   DET. BURNS, DET

US-000373

SIGNATURE OF WITNESS TO INVENTORY  Name and address




# First Judicial District of Pennsylvania
# Court Summary

**Dove, Ronald S.**  DOB 07/27/1972  Sex: Male
Philadelphia, PA 19114  Eyes: Brown
Aliases:  Hair: Brown
Ronald S Dove  Race: White
Ronald Shane Dove

## Closed
### Philadelphia

**CP-51-CR-0001382-2015**  Proc Status: Sentenced/Penalty Imposed  DC No. 1571000019  OTN: N9486562
Arrest Dt: 01/22/2015  Disp Date: 04/26/2017  Disp Judge: Nichols, Carolyn H
Def Atty: McMonagle, Brian J - (PR)

| Seq No | Statute | Grade | Description | Disposition |
|---|---|---|---|---|
| | Sentence Dt. | Sentence Type | Program Period | Sentence Length |
| 1 | 18 § 5126 §§ A | F3 | Flight To Avoid Appreh/Trial/Punish | Guilty Plea - Negotiated |
| | 04/26/2017 | Probation | 2 years | Max: 2 Year(s) |
| 2 | 18 § 903 | F3 | Conspiracy - Hinder App/Prosec-Harbor Or Conceal | Guilty Plea - Negotiated |
| | 04/26/2017 | Probation | 2 years | Max: 2 Year(s) |
| 3 | 18 § 5105 §§ A1 | F3 | Hinder App/Prosec-Harbor Or Conceal | Guilty Plea - Negotiated |
| | 04/26/2017 | Confinement | 30 days - 23 months | Min: 30 Day(s) Max: 23 Month(s) |
| | 04/26/2017 | Probation | 3 years | Max: 3 Year(s) |
| 4 | 18 § 5101 | M2 | Obstruct Admin Law/Other Govt Func | Guilty Plea - Negotiated |
| | 04/26/2017 | Probation | 2 years | Max: 2 Year(s) |
| 5 | 18 § 4904 §§ A1 | M2 | Unsworn Falsification to Authorities | Guilty Plea - Negotiated |
| | 04/26/2017 | Probation | 2 years | Max: 2 Year(s) |
| 6 | 18 § 4910 §§ 1 | M2 | Tamper With/Fabricate Physical Evidence | Guilty Plea - Negotiated |
| | 04/26/2017 | Probation | 2 years | Max: 2 Year(s) |
| 7 | 18 § 903 §§ C | F3 | Conspiracy | Nolle Prossed |

**MC-51-CR-0002183-2015**  Proc Status: Completed  DC No. 1571000019  OTN: N9486562
Arrest Dt: 01/22/2015  Disp Date: 02/06/2015  Disp Judge: DeLeon, James M.
Def Atty: McMonagle, Brian J - (PR)

| Seq No | Statute | Grade | Description | Disposition |
|---|---|---|---|---|
| 1 | 18 § 5126 §§ A | F3 | Flight To Avoid Appreh/Trial/Punish | Held for Court |
| 2 | 18 § 903 §§ C | F3 | Conspiracy | Held for Court |
| 3 | 18 § 5105 §§ A1 | F3 | Hinder App/Prosec-Harbor Or Conceal | Held for Court |
| 4 | 18 § 5101 | M2 | Obstruct Admin Law/Other Govt Func | Held for Court |
| 5 | 18 § 4904 §§ A1 | M2 | Unsworn Falsification to Authorities | Held for Court |
| 6 | 18 § 4910 §§ 1 | M2 | Tamper With/Fabricate Physical Evidence | Held for Court |
| 7 | 18 § 903 §§ C | M2 | Conspiracy | Held for Court |

Recent entries made in the court filing offices may not be immediately reflected on the court summary report. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Court Summary Report information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S Section 9183.

Please note that if the offense disposition information is blank, this only means that there is not a "final disposition" recorded in the Common Pleas Criminal Court Case Management System for this offense. In such an instance, you must view the public web docket sheet of the case wherein the offense is charged in order to determine what the most up-to-date disposition information is for the offense.

G

| PROPERTY RECEIPT | FROM WHOM TAKEN<br>Recovered inside 5111 Funston Street | AGE | SEX | Nº 3104408 | | |
|---|---|---|---|---|---|---|
| ☐ LOST AND FOUND | ADDRESS<br>5111 Funsdun Street (private residence) | DATE<br>08-07-13 | TIME<br>4:40PM | DISTRICT<br>16 | UNIT<br>HOM | |
| ☑ FOR INVESTIGATION | OWNER (If Known)<br>Unknown | LAB USER FEE REQUESTED<br>☐ YES ☐ NO | DC NO.<br>13-16-030613 | | | |
| ☐ PERSONAL PROPERTY FOR SAFEKEEPING | ADDRESS | | SEIZURE NO. | | | |
| ☑ EVIDENCE | DEFENDANT'S NAME | BULK OF PROPERTY STORED AT<br>Firearms Identification Unit | | | | |

ITEMS OF PROPERTY AND CIRCUMSTANCES UNDER WHICH IT WAS RECEIVED INCLUDING THE EXACT LOCATION TAKEN FROM

On 8-5-13 at 11:06PM, Police responded to a shooting/Hospital case for a male shot at 500 N. Creighton St. The victim, identified as Brian LITTLES 33B/M was taken to HUP with a gunshot woound to the chest and pronounced dead at 11:17PM. Crime scene was processed and Police recovered (12) 9MM FCC's.
On 8-07-13 at 4:40PM, pursuant to Search Warrant #176006 signed by Mag. Rice, the below items were recovered inside of 5111 Funston Street, second floor middle bedroom.
ITEM#1: (1) Taurus PT99 9mm semi-auto handgun SER/L29609 loaded with (1) magazine containing (15) live 9mm rounds and (1) live 9mm round in the chamber
 - recoveeed 2nd Fl Middle bedroom under matteess-
ITEM#2: (1) FAA Colt 45 Bounty Hunter revolver SER/T0788 loaded with (6) .45 Long Colt live
 - recovered 2nd Fl Middle bedroom closet -
ITEM#3: (1) FEG P9R semi automatic SER/R67501 loaded with (1) magazine containing (9) live 9mm rounds and (1) live 9mm round in the chamber
 - recovered 2nd Fl middle bedroom closet -
ITEM #4: (1) cardboard box marked Remington 9mm containing foam tray with (21) live 9mm round
 - recovered 2nd Fl middle bedroom closet -
\*\*\*\*\*\*\* ALL ITEMS ARE GUARD FOR PRINTS\*\*\*\* preserve for D N A \*\*\*\*\*\*
Findings to Det DOVE # 8003 Hom Case M13-150                              UCR 111

he person from whom the above amount of money and/or property was taken does not sign below, state reason why.

**RECEIVED BY POLICE DEPARTMENT**

Arresting or Receiving Officer (If personal property for safekeeping, Desk Supervisor is the Receiving Officer)

| .GN FROM WHOM TAKEN (Signature) | | SIGNATURE | | |
|---|---|---|---|---|
| WITNESS (Signature)<br>Det James Burns 204865 | BADGE NO (Type)<br>8056 | Det John Harkins 205776 | BADGE NO (Type)<br>787 | |

**TRANSFERRED TO EVIDENCE CUSTODIAN/COLLECTOR**

I hereby acknowledge receipt of the above listed items.

(Date)   (Time)   (Evidence Custodian/Collection)

**RELEASE FROM CUSTODY OF POLICE DEPARTMENT**

This will acknowledge the receipt from the Police Department of the City of Philadelphia of the amount of money and/or property listed above, and will constitute the release of the City of Philadelphia and its agencies from any and all future responsibility therefor

| ☐ Returned to Owner or Agent | **RECEIVED BY** (Owner or Agent) | | |
|---|---|---|---|
| ☐ Confiscated by Court | OWNER OR AGENT (Signature) | | |
| ☐ Destroyed by Order of Court<br>  Petition No | WITNESS (Signature) | BADGE NO | DATE |
| ☐ Escheat to State<br>  Escheat List No | **RECEIVED BY** (Other than Owner of Agent) | | |
| ☐ To Department of Collections<br>☐ Other Disposition (Explain) | SIGNATURE AND TITLE | | |
| | WITNESS | | DATE |

75-3 (Rev 6/95)          DISTRICT CONTROL COPY          POLICE D.......
US-000374