IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | No. 17-518-1 |
| | : | |
| BRYANT CALLOWAY | : | |
| | : | |

## MEMORANDUM

**Chief Judge Juan R. Sánchez**                                                            **April 10, 2023**

Petitioner Bryant Calloway asks this Court to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255. Calloway argues (1) his counsel was ineffective for failing to raise a *Franks* issue pretrial and at trial, (2) he was prejudiced by the government's use of allegedly perjured testimony before the grand jury and the petit jury, and (3) the trial court abused its discretion by limiting recross examination. Because the record conclusively shows Calloway is not entitled to relief on any of these claims, his motions will be denied without an evidentiary hearing.

**BACKGROUND**

On September 27, 2017, Calloway, together with four co-defendants, was charged by indictment with murder and several drug- and firearms-related offenses stemming from his participation in a drug trafficking group operating in West Philadelphia. At trial, the government introduced testimony that Calloway murdered a rival drug dealer in an attempt to expand his gang's territory. Various eyewitnesses and law enforcement agents testified at trial, including former dealer Thomas "Valdo" Guilford,[1] confidential informant Raymond Thompson, and former Detective Ronald Dove. The evidence against Calloway was strong: two eyewitnesses observed the shooting or its immediate aftermath, and one testified that Calloway had confessed his guilt to

---

[1] Guilford also testified before the grand jury.

him. On February 19, 2019, a jury found Calloway guilty of all charges, and he was sentenced to life in prison. The Third Circuit Court of Appeals affirmed. Calloway now moves for relief under 28 U.S.C. § 2255.

**STANDARD OF REVIEW**

Pursuant to 28 U.S.C. § 2255, a prisoner in federal custody may seek to have his sentence vacated, set aside, or corrected if it was imposed in violation of the Constitution or laws of the United States, or is otherwise subject to collateral attack. Relief may be granted only if an error of law or fact occurred, and if such error constitutes a "fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Eakman*, 378 F.3d 294, 298 (3d Cir. 2004) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)). Calloway brings multiple § 2255 motions pro se, and so the Court construes his pleadings liberally. *See United States v. Otero*, 502 F.3d 331, 334 (3d Cir. 2007). Even so, Calloway must nevertheless plead "facts in support of his claim which would entitle him to relief." *Haines v. Kerner*, 404 U.S. 519, 521 (1972).

In evaluating a § 2255 motion, the Court "must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record" and "must order an evidentiary hearing to determine the facts unless the motion and files and records of the case show conclusively that the movant is not entitled to relief." *Gov't of the V.I. v. Forte*, 865 F.2d 59, 62 (3d Cir. 1989). Although the threshold for obtaining an evidentiary hearing on a § 2255 motion is "reasonably low," *United States v. Booth*, 432 F.3d 542, 546 (3d Cir. 2005) (citation omitted), "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court," *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000).

**DISCUSSION**

Calloway brings three claims in his four motions for relief under 28 U.S.C. § 2255.[2] First, he argues his attorney was ineffective for failing to raise and/or more zealously pursue the issue of witnesses' subsequent bad acts. Second, he alleges he was prejudiced by the government's use of perjured testimony before both the grand jury and the petit jury. Finally, he claims the trial court erred in refusing to allow recross examination of several witnesses. Because each of these claims is either meritless or procedurally barred, Calloway's motions will be denied without an evidentiary hearing.

First, Calloway asserts his counsel was ineffective for failing to argue for suppression of evidence under *Franks v. Delaware*, 438 U.S. 154 (1978). This argument arises from the subsequent bad acts of two trial witnesses. After former Detective Ronald Dove participated in this case's investigation, he was convicted in state court of obstruction of justice and hindering prosecution in a different case. *See Commonwealth v. Dove*, CP-51-CR-0001382-2015 (Phila. Ct. Comm. Pleas 2017). Similarly, after Raymond Thompson acted as a confidential informant against Calloway, he was convicted of providing false statements to law enforcement in a different investigation. *See United States v. Thompson*, Crim. No. 17-325 (E.D. Pa. 2016). Neither Dove nor Thompson testified at trial. But because a key search warrant was issued based on Dove's and Thompson's affidavits, Calloway believes these subsequent bad acts required suppression of the search results pursuant to *Franks*. He argues counsel was ineffective for failing to raise this claim in a pretrial motion or at trial.

---

[2] The Court construes these multiple motions as requests to amend Calloway's initial petition. *See Mayle v. Felix,* 545 U.S. 644, 655 (2005) (applying Federal Rule of Civil Procedure 15 to amended habeas petitions). Regardless of the propriety of filing four motions for relief, the Court addresses the often-overlapping substance of each.

To assert a violation of the constitutional right to effective assistance of counsel, a defendant must show (1) his counsel's representation fell below an objective standard of reasonableness, and (2) he was prejudiced by this "deficient performance." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The first *Strickland* prong "is necessarily linked to the practice and expectations of the legal community: [t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Padilla v. Kentucky*, 559 U.S. 356, 366 (2010) (alteration in original). "No particular set of detailed rules for counsel's conduct can satisfactorily take account of the variety of circumstances faced by defense counsel," and thus "courts must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). In undertaking this review, "judicial scrutiny of counsel's performance must be highly deferential." *Id*. (internal quotation marks and citation omitted). In considering the second *Strickland* prong, courts must "ask whether there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 688.

Contrary to Calloway's arguments otherwise, his attorney did, in fact, raise the *Franks* issue pretrial, in a motion to suppress. Mot. Suppress 1, ECF No. 99. Counsel also affirmed Calloway's pro se request for a *Franks* hearing. Pro Se Mot. Hearing 1, ECF No. 114, *adopted by* Aff. Benjamin Cooper 1, ECF No. 141. Additionally, Calloway's co-defendant—with whom Calloway joined all pretrial motions, *see* Mot. Join 1, ECF No. 69—raised the issue of Thompson's and Dove's subsequent convictions. Gilliam Suppl. Mot. Suppress 7, 11, ECF No. 100. The Court considered these arguments and denied them. Mem., Feb. 1, 2019, ECF No. 150; Order, Feb. 8,

4

2019, ECF No. 159. Calloway's allegation of counsel's inefficacy for failing to raise the *Franks* issue pretrial is thus based on an incorrect factual premise.

Calloway further claims counsel was ineffective for failing to argue this issue at trial. First Pet. at 1, ECF No. 272. Attorneys have "wide latitude" in determining how best to advocate for a client. *Yarborough v. Gentry*, 540 U.S. 1, 5 (2003). "When counsel focuses on some issues to the exclusion of others, there is a strong presumption that he did so for tactical reasons rather than sheer neglect." *Id.* at 8. A petitioner may overcome this presumption by showing that "no sound strategy . . . could have supported [counsel's] conduct." *Thomas v. Varner*, 428 F.3d 491, 500 (3d Cir. 2005). Calloway has not done so here.

On direct examination, Agent John Bowman identified Raymond Thompson as a confidential informant working with the Bureau of Alcohol, Tobacco, Firearms and Explosives on the investigation of Calloway. Tr. Feb. 15, 2019 31:25-32:13, 62:1-16. Presumably as a defensive mechanism, the government elicited extensive testimony from Bowman about Thompson's conviction for false statements. *Id.* 26:19-29:3. As to Dove, on cross examination of Detective John Harkins defense counsel elicited testimony that Dove was the officer assigned to the investigation and that he prepared the search warrant. Tr. Feb. 13, 2019 21:3-8. No testimony was introduced regarding Dove's later convictions. Regardless, defense counsel's choice to forego questioning on these issues was reasonable under the circumstances. Given the significant amount of direct evidence pointing to Calloway's guilt, it was reasonable trial strategy for counsel to focus on rebutting direct evidence of guilt by impeaching testifying witnesses, and not on probing the actions of third parties which occurred after the events at issue in the trial. *See* Tr. Feb. 19, 2019 at 67:20-69:11 (closing argument). Calloway has thus failed to rebut *Strickland*'s presumption of sound trial strategy. 466 U.S. at 699; *see also Yarborough*, 540 U.S. at 8 (noting the presumption

"has particular force where a petitioner bases his ineffective-assistance claim solely on the trial record, creating a situation in which a court may have no way of knowing whether a seemingly unusual or misguided action by counsel had a sound strategic motive" (citation omitted)). His claim of ineffective assistance of counsel at trial will be dismissed.

In his second claim, Calloway argues he was prejudiced by the government's use of alleged perjury by witness Valdo Guilford before the grand jury and the petit jury. Third Pet. 1, ECF No. 278. At both proceedings, Guilford testified he saw Calloway at the scene of the murder, heard gunshots, and then observed Calloway fleeing. *United States v. Calloway*, Crim. No. 20-1124, 2022 WL 989362, at *1 (3d Cir. Apr. 1, 2022). Guilford also testified that Calloway later told Guilford he was the perpetrator. *Id.* Calloway claims Guilford was lying, and that the prosecutors knew and knowingly presented the perjurious testimony to both juries. Both of Calloway's allegations of prejudice due to perjury are procedurally barred.

First, as to Guilford's testimony before the grand jury, Calloway raised this issue on direct appeal. *See id.* at 1. As the government points out, he admits as much in one of the instant petitions. *See* Third Pet. 1, ECF No. 278 ("I already appealed to the Court of Appeals on this issue but they denied it."). Motions under § 2255 "may not be employed to relitigate questions which were raised and considered on direct appeal." *United States v. DeRewal*, 10 F.3d 100, 105 n.4 (3d Cir. 1993) (citation omitted). The Third Circuit considered Calloway's argument and held the petit jury's guilty verdict rendered any potential perjury before the grand jury harmless. *Calloway*, 2022 WL 989362, at *1-2 (citing *United States v. Console*, 13 F.3d 641, 672 (3d Cir. 1993)). Because this argument was raised and considered on direct appeal and there are no allegations of an intervening change in law, Calloway's claim of prejudice due to perjury before the grand jury may not be relitigated here.

Calloway's allegation of perjury before the petit jury is procedurally barred for the opposite reason—Calloway failed to raise the issue before the Third Circuit. *See* Appellant Br., *Calloway*, 2022 WL 989362. "Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." *Bousley v. United States*, 523 U.S. 614, 621 (1998) (internal quotation marks and citation omitted). When a claim is not raised on direct appeal, it is procedurally defaulted and may not be heard by a habeas court. *See id.* This rule is intended to "conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 504 (2003). Defaulted claims may only be considered on habeas review upon a showing of cause and prejudice, or of actual innocence. *Bousley*, 523 U.S. at 622. Calloway has not alleged either exception applies here, and so the claim will be dismissed.

Finally, in his fourth § 2255 motion Calloway claims the trial court erred by refusing him permission to recross examine various witnesses.[3] Like his claim of perjury before the grand jury, this issue was squarely addressed by the Third Circuit on direct appeal and is thus procedurally barred. *See Calloway*, 2022 WL 989362, at *3; *DeRewal*, 10 F.3d at 105 n.4. This claim will also be dismissed.

**CONCLUSION**

As Calloway's claims are meritless or procedurally barred, his motions under 28 U.S.C. § 2255 will be denied. Because the record conclusively shows Calloway is not entitled to relief, no evidentiary hearing is required. *See Palmer v. Hendricks*, 592 F.3d 386, 395 (3d Cir. 2010) ("We have repeatedly emphasized that bald assertions and conclusory allegations do not afford a sufficient ground for an evidentiary hearing on a habeas petition." (internal quotation marks and

---

[3] This claim was raised only in Calloway's fourth petition, filed after the government responded to his initial three petitions.

citation omitted)). Further, the Court cannot find that Calloway has made the requisite substantial showing of the denial of a constitutional right, nor that he has demonstrated that jurists of reason would find this opinion or the correctness of the Court's procedural findings to be debatable. There is thus no basis upon which to issue a Certificate of Appealability. *See generally*, 28 U.S.C. § 2253; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

      An appropriate Order follows.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, C.J.